UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MOHAMMAD I. AHMAD**  CIVIL ACTION

**VERSUS**  NO. 24-2215

**CYPRESS INSURANCE COMPANY, ET AL.**  SECTION: "P" (3)

**ORDER AND REASONS**

Before the Court are the Motion for Partial Summary Judgment filed by Defendants Willie Evans, 365 Enterprises, L.L.C., EPM Enterprise, L.L.C., KAMMX, L.L.C., and Cypress Insurance Company (R. Doc. 25) and the Motion for Summary Judgment filed by Defendants 365 Enterprises, L.L.C. and EPM Enterprise, L.L.C. (R. Doc. 24). For the reasons that follow, both motions are GRANTED.

Plaintiff Mohammad Ahmad instituted this action against Defendants Willie Evans, 365 Enterprises, L.L.C., EPM Enterprise, L.L.C., KAMMX, L.L.C., and Cypress Insurance Company, seeking damages for personal injuries Plaintiff allegedly sustained as a result of an automobile accident between Plaintiff and Defendant Evans.[1] Plaintiff alleges Defendant Evans was acting in the course and scope of his employment with 365 Enterprises, EPM Enterprise, and KAMMX when Evans negligently caused the accident.[2] Plaintiff seeks to hold Evans liable for his own negligence and to hold Evans's alleged employers vicariously liable for his negligence under Louisiana Civil Code article 2320.[3] Plaintiff further alleges on the date of the accident there was a policy of insurance, issued by Defendant Cypress Insurance Company to Evans and his alleged employers, that provides coverage for the type of accident at issue.[4]

---

[1] R. Doc. 1-1 at pp. 3–4.
[2] *Id.* at pp. 4–5.
[3] *Id.*
[4] *Id.* at p. 5.

Defendants 365 Enterprises and EPM Enterprise move for summary judgment pursuant to Federal Rule of Civil Procedure 56, arguing that it is undisputed that Defendant Evans was not an employee of either 365 Enterprises or EPM Enterprise and that Plaintiff therefore cannot prove an essential element of his vicarious liability claim against 365 Enterprises or EPM Enterprise.[5] Plaintiff concedes he has no evidence to refute that Defendant Evans was not an employee of either 365 Enterprises or EPM Enterprise on the date of the accident.[6] Without an employer-employee relationship, Plaintiff's vicarious liability claims against these defendants fail.[7] Thus, because Defendants 365 Enterprises and EPM Enterprise have shown there is no genuine dispute over an essential element of Plaintiff's claims against them, and because Plaintiff concedes he has no evidence to refute the lack of employer-employee relationship with this defendants, the Court concludes 365 Enterprises and EPM Enterprise are entitled to summary judgment in their favor, dismissing Plaintiff's claims against them with prejudice.[8]

Turning to the second motion, the remaining defendants move for partial summary judgment on Plaintiff's claim for future lost wages and diminished earning capacity, arguing that Plaintiff has not produced any evidence to support a viable claim for future loss of earnings.[9] In response, Plaintiff concedes he is not pursuing any claim for future lost wages or diminished earning capacity.[10] Because Defendants have shown there is no genuine dispute regarding the

---

[5] R. Doc. 24.
[6] R. Doc. 27 at 2.
[7] Three elements must be shown to hold an alleged employer vicariously liable pursuant to the doctrine of *respondeat superior*: (1) "an employer/employee relationship," (2) "a negligent or tortious act on the part of an employee," and (3) "the act complained of must be committed in the course and scope of employment." *See Jones v. Maryland Cas. Co.*, 2018-0552, p. 10 (La. App. 4 Cir. 5/11/22), 339 So. 3d 1243, 1249.
[8] *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) ("Rule 56 mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").
[9] R. Doc. 25.
[10] R. Doc. 26. Plaintiff maintains his claim for past loss wages following his left shoulder surgery as outlined in his response to Defendants' motion for partial summary judgment. *Id.* at 2.

absence of future lost wages in this case, and because Plaintiff does not point to any evidence to support his future lost wage claim, Defendants are entitled to summary judgment in their favor as to Plaintiff's claim for future lost wages, including any claim of diminished earning capacity.[11]

For the foregoing reasons,

**IT IS ORDERED** that the Motion for Summary Judgment filed by Defendants 365 Enterprises, L.L.C. and EPM Enterprise, L.L.C. (R. Doc. 24) is **GRANTED**, and Plaintiff's claims against 365 Enterprises, L.L.C. and EPM Enterprise, L.L.C. are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Motion for Partial Summary Judgment filed by Defendants Willie Evans, 365 Enterprises, L.L.C., EPM Enterprise, L.L.C., KAMMX, L.L.C., and Cypress Insurance Company (R. Doc. 25) is **GRANTED**, and Plaintiff's claim for future lost wages, including any claim of diminished earning capacity, is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 18th day of December 2025.

**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[11] *See supra* note 8.