UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MOHAMMAD I. AHMAD**                                CIVIL ACTION

**VERSUS**                                                        NO. 24-2215

**CYPRESS INSURANCE COMPANY, ET AL.**    SECTION: "P" (3)

## ORDER

Before the Court is the Motion *in Limine* to Exclude Evidence of Liability Insurance Coverage (R. Doc. 42) filed by Defendants, Willie Evans, KAMMX, LLC, and Cypress Insurance Company. Defendants seek to exclude any evidence, testimony, argument, or reference at trial which would suggest to jurors that there is liability insurance providing coverage for Defendants, Willie Evans and KAMMX, LLC, in connection with this action brought against them by Plaintiff, Mohammad Ahmad, including coverage under the policy of business auto coverage issued by Defendant, Cypress Insurance Company. Defendants argue such evidence is inadmissible to prove negligence or wrongdoing under Federal Rule of Evidence 411. Defendants further argue such evidence is irrelevant under Federal Rules of Evidence 401 and 402. And, to the extent such evidence could become relevant, Defendants argue such evidence should nonetheless be excluded under Federal Rule of Evidence 403 because its probative value is substantially outweighed by the risk of unfair prejudice, confusion of the issues, and misleading the jury.

Plaintiff, Mohammad Ahmad, opposes Defendants' motion. Plaintiff cites to Federal Rule of Evidence 411, which states, "Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully. But the court may admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." Plaintiff does not dispute that, under this rule, he may not offer evidence of liability coverage at trial to prove that Defendants acted negligently or

otherwise wrongfully. But Plaintiff seeks to reserve his right under Rule 411 to offer such evidence "for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." Plaintiff contends that, at this time, he does not know what evidence will be presented by Defendants at trial and, thus, whether he will need to avail himself of the provisions of Rule 411.

Both parties agree that evidence of liability insurance coverage is inadmissible for purposes of proving whether Defendants acted negligently or otherwise wrongfully. Defendants' motion will be granted insofar ask it seeks to exclude evidence of liability coverage for such purpose. Because it is not yet determinable whether evidence of liability coverage may be admissible for some other purpose, such as those listed in Rule 411, the Court denies Defendants' motion without prejudice insofar as it seeks an order from the Court, in advance of trial, excluding evidence of liability coverage for all purposes. The Court recognizes Defendants' argument that even if such evidence becomes relevant, its probative value would nevertheless be outweighed by certain risks set forth in Federal Rule of Evidence 403, and the evidence would therefore be inadmissible for this separate reason. But the Court cannot make such a determination at this time, when it is unknown for what purpose Plaintiff might seek to admit such evidence. Without knowing the probative value of the evidence, the Court cannot determine whether the probative value is substantially outweighed by the risks raised by Defendants. Accordingly,

**IT IS ORDERED** that Defendants' Motion in Limine to Exclude Evidence of Liability Insurance Coverage (R. Doc. 42) is **GRANTED IN PART AND DENIED IN PART**, as set forth herein.

**IT IS FURTHER ORDERED** that, at trial, any evidence, testimony, argument, or reference to suggest that there is liability insurance providing coverage to Defendants in

connection with this action is PROHIBITED, except that Plaintiff's right to admit such evidence for an admissible purpose under Federal Rule of Evidence 411 is reserved.

**IT IS FURTHER ORDERED** that, in the event Plaintiff wishes to introduce such evidence at trial, **Plaintiff shall first raise the issue with the Court and opposing counsel <u>outside of the presence of the jury</u>**, at which time the Court will hear arguments from both sides as to the admissibility of such evidence under the Federal Rules of Evidence, including but not limited to Rules 401, 402, 403, and 411. **No evidence, testimony, argument, or reference to liability insurance providing coverage to Defendants shall be made in the presence of the jury unless the Court has ruled that evidence of Defendants' liability insurance coverage is admissible for some purpose.**

New Orleans, Louisiana, this 9th day of February 2026.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**